IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN VALENTIN,<br><br>*Plaintiff*,<br><br>v.<br><br>PHILADELPHIA COUNTY SHERIFF'S DEPARTMENT *et al.*,<br><br>*Defendants*. | Civil Action<br><br>No. 19-cv-1175 |

**ORDER**

**AND NOW**, this 24th day of February, 2025, upon consideration of Plaintiff's Motions for a New Trial and for Class Certification (ECF Nos. 151, 152), I find as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

1. *Pro se* Plaintiff Jonathan Valentin ("Plaintiff") brings a series of state tort law and § 1983 claims against Deputy Sheriffs Derek Murphy and Amada Rodriguez. From March through October of 2019, Plaintiff amended his Complaint three times.

2. In March 2021, Judge Gene E.K. Pratter granted summary judgment in favor of Defendants, and thereafter Valentin timely appealed. On August 30, 2023, the Third Circuit affirmed in part and vacated in part Judge Pratter's Order. Specifically, the Third Circuit held that Valentin's claims against Murphy for excessive force, false arrest, and first amendment retaliation should be decided by a factfinder. It affirmed the remainder of Judge Pratter's Order, including Deputy Rodriguez's dismissal.

3. On May 6, 2024, the case was reassigned to me. From that point forward, Mr. Valentin repeatedly failed to comply with a series of Court Orders and exhibited an unwillingness to prosecute his lawsuit. For instance:

1

    a) On June 18, 2024, Plaintiff failed to appear for an in-court status conference. (ECF Nos. 72, 74.)
    b) Plaintiff failed to file pretrial documents in violation of my July 1, 2024 Scheduling Order. (ECF No. 76.) As a result, I cancelled the August 26, 2024 trial date. (ECF No. 95.)
    c) On September 10, 2024, Plaintiff failed to appear for a virtual settlement conference before Judge Arteaga. (ECF No. 103.)
    d) On November 4, 2024, at a virtual status conference, Plaintiff explained that he would travel to Philadelphia for a January 13, 2025 trial. I thus issued a new Scheduling Order, setting trial for January 13, 2025 and requiring pretrial documents be submitted by December 6, 2024. (ECF No. 118.)
    e) On November 28, 2024, Plaintiff requested additional time to file his pretrial documents. (ECF No. 119.) I granted the Motion and ordered Plaintiff to file his documents by December 12, 2024. (ECF No. 120.) Plaintiff failed to comply. Instead, Plaintiff filed a series of Motions requesting further extensions. (ECF Nos. 122, 124, 130.) I denied each request. (ECF Nos. 123, 126, 131.)
    f) On January 6, 2025—despite his representation to the Court that he could attend the January 13, 2025 trial—Plaintiff explained that he would not attend trial. (ECF No. 138.)

4. Plaintiff failed to appear for his trial on January 13, 2025—a date previously agreed to by Plaintiff. Instead, Plaintiff appeared virtually and Defendant moved to dismiss the case for Plaintiff's failure to prosecute. After addressing, on the record, the factors outlined in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984), I granted the Motion. (ECF No. 148.)

## II.    LEGAL STANDARD

5. Valentin moves under Rule 59 for a new trial. I construe his Motion as asking me to alter or amend the judgment under Rule 59(e). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Chi v. U.S., No. 22-4, 2023 WL 3093549, at *1 (W.D. Pa. Apr. 26, 2023) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Accordingly, Plaintiff must point to one of three grounds: "(1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Id. (internal citations omitted). The

grant of such a motion is not proper where it simply asks the court to "rethink what [it] had already thought through—rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted).

## III. DISCUSSION

6.     Plaintiff wishes to "adjourn and reconvene for a new trial date." (ECF No. 151 at 15.)  Although his request is less than clear, it appears that he believes I should reconsider my dismissal Order because he "was in compliance" with the various Scheduling Orders.  (ECF No. 151 at 11-15.)  As explained above, this is incorrect.  Because Plaintiff presents no other grounds for relief, he has failed to meet the standard for reconsideration and I must deny the Motion.

7.     Plaintiff also moves "to have a class action certification appended to the current amended civil complaint."  (ECF No. 152.)  In effect, he moves to file a fourth amended complaint more than 5 years after he filed the operative complaint.  Because I am denying his Motion for Reconsideration, I will also deny the Motion for Class Certification.

\*     \*     \*

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for New Trial (ECF No. 151), and Motion for Class Certification (ECF No. 152) are **DENIED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**